Citation Nr: 1518714 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 12-27 701 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD). 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

M. Sorisio, Counsel

INTRODUCTION

The Veteran served on active duty from May 1956 to April 1958.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a February 2011 rating decision of the Boston, Massachusetts Department of Veterans Affairs (VA) Regional Office (RO).

In November 2013, a Board hearing was held before a Veterans Law Judge (VLJ) who has since retired. A transcript of this hearing is of record. 

In February 2014, the appeal was remanded for further evidentiary development.

In February 2015, the Board sent the Veteran a letter inquiring whether he desired a new Board hearing in conjunction with his appeal, since the VLJ who conducted his November 2013 hearing was no longer employed by the Board. In February 2015, the Veteran responded that he did not want to appear at another hearing.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his part is required.


REMAND

The Veteran seeks service connection for an acquired psychiatric disorder. Specifically, he has alleged that he has depression and anxiety as a result of service-connected tinnitus and that he has PTSD as a result of being on an aircraft that had to do an emergency landing. Before the Board can adjudicate this claim on the merits, additional development is required.

Regarding PTSD, at the November 2013 hearing, the Veteran testified regarding a stressful incident in which a twin engine aircraft he was flying on from Boston, Massachusetts to El Paso, Texas during service was forced to make an emergency landing in Arkansas during a stormy night after the plane started quickly descending. November 2013 Hearing Tr. at 3. The Veteran indicated that he feared for his life. Id. at 4. In a February 2015 statement, the Veteran clarified that the trip from Boston to El Paso was only the first leg of his trip and that his final destination was at Red Canyon Range Camp in New Mexico. 

An October 2013 letter from the Veteran's treating psychiatrist and an August 2014 VA examination opinion conclude that the Veteran has PTSD as a result of this in-service stressor. However, the record does not contain credible supporting evidence that the alleged stressor event occurred. The Veteran's alleged stressor does not fall under a category of stressors, including as a stressor related to the fear of hostile military or terrorist activity, that would allow for his lay testimony to be sufficient to establish the stressor's occurrence. 38 C.F.R. § 3.304(f); see Acevedo v. Shinseki, 25 Vet. App. 286 (2012). Thus, remand to seek credible supporting evidence of the Veteran's alleged stressor event is necessary. In this regard, the record appears to contain some, but not all, of the Veteran's service personnel records. As complete personnel records may contain corroborating evidence of the alleged stressor they must be obtained on remand.

Regarding the Veteran's claim that he has depression and anxiety related to his service-connected tinnitus, VA treatment records, including a November 2012 record, indicate that the Veteran has depression related to tinnitus and that the noise from tinnitus has been a source of stress and depression for him. Although these records indicate an association between the Veteran's service-connected tinnitus and an acquired psychiatric disorder, they do not provide a rationale for the opinion. Therefore, remand for an examination to provide a more thorough opinion on this question is necessary. 

The record reflects the Veteran is also service-connected for asymmetric sensorineural hearing loss. Although he has not specifically alleged that he has a psychiatric disorder related to this service-connected disability, the examiner should also comment on whether hearing loss caused or aggravated an acquired psychiatric disorder.

Accordingly, the case is REMANDED for the following actions:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain the Veteran's complete service personnel records, and complete any other necessary development, such as contacting the United States Army and Joint Services Record Research Center, to determine whether there is credible supporting evidence of the Veteran's alleged stressor event.

If any records do not exist or further efforts to obtain them would be futile, notify the Veteran in accordance with 38 C.F.R. § 3.159(e).

2. Schedule the Veteran for an examination to determine whether he has an acquired psychiatric disorder that is caused or aggravated by his service-connected tinnitus or hearing loss. The claims file should be made available to and be reviewed by the examiner in conjunction with the examination. 

The examiner is asked to provide an opinion on the following questions:

A) Is it at least as likely as not (a 50 percent probability or greater) that any diagnosed acquired psychiatric disorder is causally related to service-connected asymmetric sensorineural hearing loss or tinnitus?

B) Is it at least as likely as not (a 50 percent probability or greater) that any diagnosed acquired psychiatric disorder is aggravated beyond the normal course of the condition (i.e., a chronic worsening rather than a temporary flare-up) by service-connected asymmetric sensorineural hearing loss or tinnitus? 

A report of the examination should be prepared and associated with the Veteran's VA claims folder. A complete rationale must be provided for all opinions rendered. If the examiner cannot provide any requested opinion without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation.

3. Thereafter, and after undertaking any additional development deemed necessary, readjudicate the issue on appeal. If the benefit sought on appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case and afford them a reasonable opportunity to respond. Then return the case to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims 

that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. § 5109B (West 2014).




_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).